**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **PREVENTIVE ENERGY SOLUTIONS, LLC,**<br><br>    **Plaintiff,**<br><br>    **vs.**<br><br>**NCAP VENTURES 5, LLC; NCAP VENTURES 11, LLC; ANTHONY J. SUTERA; and RHETT SPENCER,**<br><br>    **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:16-cv-809-PMW**<br><br>**Chief Magistrate Judge Paul M. Warner** |
| **NCAP VENTURES 5, LLC; and NCAP VENTURES 11, LLC,**<br><br>    **Counterclaim Plaintiffs/Third-Party Plaintiffs,**<br><br>    **vs.**<br><br>**PREVENTIVE ENERGY SOLUTIONS, LLC, and KEVIN OLESEN,**<br><br>    **Counterclaim Defendant/ Third-Party Defendant.** | |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner

conducting all proceedings, including entry of final judgment, with appeal to the United States

Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the

---

[1] *See* docket no. 8.

court is a motion for summary judgment[2] filed by Defendants, Counterclaimants, and Third-Party Plaintiffs nCap Ventures 5, LLC ("nCap 5") and nCap Ventures 11, LLC ("nCap 11"), and Defendants Anthony Sutera ("Sutera") and Rhett Spencer ("Spencer") (collectively, "Defendants"). Also before the court is a motion for partial summary judgment[3] filed by Plaintiff Preventive Energy Solutions, LLC ("Preventive" or "Plaintiff"). Both motions have been fully briefed, and the court heard oral argument on the motions.[4] At the hearing, Defendants were represented by Daniel Brough. Plaintiff was represented by Ryan Pahnke. After hearing the arguments of counsel, the court took the motions under advisement.

## RELEVANT BACKGROUND

This is a fraud case. In December 2015, Preventive and Defendants entered into a Manufacture and Supply Agreement (the "MSA"). Under the MSA, Defendants agreed to manufacture, package, and sell to Preventive a battery recharging system (the "Product"), as defined by the MSA.[5] Prior to the MSA's execution, Preventive delivered to nCap 5 a $500,000 advance (the "Advance").[6] As additional compensation, the MSA requires Preventive to issue to nCap 11 a 20% membership in Preventive.[7] Plaintiff's complaint alleges that Defendants "knowingly and intentionally made fraudulent misrepresentations to Plaintiff to induce Plaintiff

---

[2] *See* docket no. 34.

[3] *See* docket no. 35.

[4] *See* docket no. 60.

[5] *See generally* docket no. 2-1.

[6] *See id.* at 4.

[7] *See id.*

into" the MSA.[8] The complaint brought eight claims for relief: fraud, fraud in the inducement, fraudulent misrepresentation, negligent misrepresentation, breach of contract, conversion, unjust enrichment, and theft.[9] In January 2017, this court entered an order granting in part Defendants' motion to dismiss (the "January 2017 Order"),[10] which dismissed Plaintiff's (1) breach of contract claim against nCap 11; (2) unjust enrichment claim against nCap 11, Sutera, and Spencer; (3) conversion and theft claims against all Defendants.

## SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A disputed fact is 'material if it might affect the outcome of the suit under the governing law; the dispute is genuine if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.'" *Id.* (quoting *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997)). In evaluating a motion for summary judgment, the court reviews the facts in a light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *See Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

## ANALYSIS

The court will first address Defendants' motion for partial summary judgment, followed by Plaintiff's motion for partial summary judgment.

_____

[8] Docket no. 2 at 5.

[9] *See* docket no. 2.

[10] *See* docket no. 14.

## I.    DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants seek partial summary judgment on Plaintiff's remaining claims for (1) fraud against all Defendants; (2) fraud in the inducement against all Defendants; (3) fraudulent misrepresentation against all Defendants; (4) negligent misrepresentation against all Defendants; (5) breach of contract against nCap 5; and (6) unjust enrichment against nCap 5.

In addition, Defendants filed a "supplemental memorandum"[11] in further support of their motion for partial summary judgment, in which Defendants argue that recently-decided case law creates a basis for dismissing Plaintiff's fraud and negligent misrepresentation claims not available to the court when it denied Defendants' motion to dismiss: the economic loss rule. Based on this argument, Defendants ask the court to now dismiss Preventive's First, Second, Third, and Fourth Claims for relief (for fraud, fraud in the inducement, fraudulent misrepresentation, and negligent misrepresentation, respectively) in their entirety, as well as defendants Sutera and Spencer.

### a.  Supplemental Memorandum

As an initial matter, the court disposes of Defendants' "supplemental memorandum." The court concludes that the additional briefing submitted to the court was procedurally improper. The Federal Rules of Civil Procedure do not permit such a filing. The Rules of Practice for the United States District Court for the District of Utah (the "Local Rules") allow for a "notice . . . setting forth . . . citations . . . without argument" when "pertinent and significant authorities come to the attention of a party after the party's memorandum in support of . . . a summary judgment motion has been filed." DUCivR 56-1(e). However, Local Rule 56-1(e) only applies when the

---

[11] *See* docket no. 53.

supplemental authority relates to arguments properly before the court on the motion for summary judgment. Here, Defendants have included substantial additional argument in their supplemental memorandum, including argument for reconsideration of the January 2017 Order. Because the court concludes that the arguments set forth in the supplemental memorandum are not properly before the court, the court will not consider those arguments, and declines to reconsider the January 2017 Order on Defendants' motion to dismiss.

### a. *Expert Testimony on Fraud and Misrepresentation Claims*

Defendants first assert that they are entitled to summary judgment on Plaintiff's fraud and misrepresentation claims. Defendants argue that in order to prevail on those claims, expert testimony is required, and because Plaintiff has not designated an expert witness, Defendants are entitled to summary judgment on those claims. Courts in this district and in the Tenth Circuit have granted summary judgment where an expert witness had been precluded, or where the court found that expert testimony was required, but no expert had been designated. *See Harvey v. United States*, 685 F.3d 939, 950-51 (10th Cir. 2012) (holding that "failure to provide expert evidence on the issues of injury, causation, negligence, or wrongful act or omission rendered summary judgment appropriate" on a Federal Tort Claims Act claim); *Trugreen Cos., LLC v. Mower Bros., Inc.*, No. 1:06CV00024, 2007 WL 1696860, *1 (D. Utah June 8, 2007) (unpublished) (granting summary judgment on claims following striking of expert witness).

However, Preventive has identified several alleged misrepresentations which they assert do not require expert testimony to establish that they were false when they were made.[12] These alleged misrepresentations may be supported by other evidence and lay testimony. Accordingly,

---

[12] *See* docket no. 40 at 29-30.

the court will not grant summary judgment in favor of Defendants on the basis that Plaintiff has

not designated an expert witness.

### b. *Reasonable Reliance*

Defendants argue that this is a case where the court should conclude that there was no

reasonable reliance as a matter of law, and therefore the court should grant summary judgment in

favor of Defendants on Preventive's fraud claims. "While the question of reasonable reliance is

usually a [question of fact], there are instances where courts may conclude that, as a matter of

law, there was no reasonable reliance." *Gold Standard, Inc. v. getty Oil Co.,* 915 P.2d 1060, 1067

(Utah 1996). According to Defendants, by the time the MSA was executed on December 21,

2015, Preventive knew that the Product would not start an inverter or power a home all night

with enough power to start an inverter the next morning.[13] However, the facts related to what

Preventive knew, and when it knew the information upon which Preventive alleges it relied, are

in dispute. Defendants' statement of undisputed material fact ("SOF") 11 states:

> On December 15, 201[5], Preventive conducted a test of a
> prototype of the Product. In Oleson's mind, though, it wasn't a
> prototype – he understood he was testing the product he intended
> to buy.[14]

But, Preventive disputes this, citing deposition testimony that the overnight test took

place from December 16 to 17, 2015, after Preventive had already delivered the Advance, on

December 15, 2015.[15] Preventive also disputes when Preventive's owner, Kevin Oleson

---

[13] *See* docket no. 34 at 18.

[14] *Id.* at 7.

[15] *See* docket no. 40 at 14-15.

("Oleson"), knew that the Product would require more batteries and that the Product would not power a home overnight and start an inverter the next day. According to SOF 13 and 14, Oleson knew this information on December 17, 2015.[16] But, Preventive maintains, citing to deposition testimony, that Oleson did not know this information until December 24, 2015, after the MSA was executed on December 21, 2015.[17]

The court concludes that there are genuine disputes of material fact as to the element of reasonable reliance on Preventive's claims, and therefore, to the extent Defendants' motion for partial summary judgment relies on this argument, it fails.

### c. Breach of Contract Claim

Next, Defendants argue that they are entitled to summary judgment on Preventive's breach of contract claim "[b]ecause Preventive cannot demonstrate a breach of the MSA, cannot excuse its own prior, material breach of the MSA, and, in fact, fraudulently induced the MSA itself."[18]

Defendants argue that because Preventive can't prove that nCap 5 did not deliver the Product without expert testimony, it can't prove that Defendants' refusal to refund Advance is a breach of the agreement.[19] Preventive disputes that expert testimony is required to determine that

---

[16] *See* docket no. 34 at 7.

[17] *See* docket no. 40 at 15-16. Although Preventive does not dispute that an email dated December 17, 2015, indicated that the Product would require more batteries, Preventive emphasizes that this was two days after Preventive had advanced the $500,000. *Id.* at 15.

[18] Docket no. 34 at 20.

[19] *See id.*

Defendants failed to manufacture and supply the product they had promised.[20] For the reasons discussed above, the court will not render summary judgment in favor of Defendants on the basis of Preventive's failure to designate an expert witness.

Defendants also argue that Preventive's alleged failure to transfer a 20% interest in Preventive constitutes a prior material breach of the MSA and excuses their performance.[21] As to whether the 20% interest in Preventive was ever transferred, there can be no dispute. Preventive admitted that it never conveyed that interest in response to Defendants' request for admission, and that fact is therefore conclusively established. *See* Fed. R. Civ. P. 36(b). However, whether this was a *material breach* that excused Defendants' performance is a question of fact.

> Only a material breach will excuse further performance by the non-breaching party. Therefore, not every minor failure justifies nonperformance and rescission of the contract.' A breach is material only if it is something so substantial that it could be reasonably deemed to vindicate the other's refusal to perform. The relevant question is not whether the breach goes to the heart of the provision breached, but whether it goes to the heart of the contract itself. And under Utah law, whether a breach of a contract constitutes a material breach is a question of fact that will ordinarily be resolved by the fact finder.

*Lifevantage Corp. v. Domingo*, 208 F. Supp. 3d 1202, 1214 (D. Utah 2016) (quotations, citations, and alterations omitted).

Utah courts have identified a number of factors to be considered when determining whether a breach is material:

> '(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; (b) the extent to which the

---

[20] *See* docket no. 40 at 2.

[21] *See* docket no. 34 at 20.

> injured party can be adequately compensated for the part of that
> benefit of which he will be deprived; (c) the extent to which the
> party failing to perform or to offer to perform will suffer forfeiture;
> (d) the likelihood that the party failing to perform or to offer to
> perform will cure his failure[;] . . . (e) the extent to which the party
> failing to perform or to offer to perform comports with standards
> of good faith and fair dealing.'

*Id.* (quoting *Cross v. Olsen*, 303 P.3d 1030, 1036 (Utah Ct.App.2013)) (alterations in original).

Defendants' motion contains no argument regarding the materiality of Preventive's alleged breach. At oral argument, Defendants' counsel argued that the breach was material because even though Preventive's value as of the effective date of the MSA was only $200, the expectation of the parties was that Defendants would have an interest in a viable, profitable company. Preventive, for its part, disputes that it breached the MSA. Preventive also argues that the failure to transfer a 20% interest is not material and cannot be considered "compensation" because the parties agreed that the Preventive was only worth $200, and its value "would only improve if Preventive actually had a functional product to sell."[22] Moreover, Preventive asserts that even if Plaintiff did not transfer the 20% interest, that does not justify Defendants' failure to refund at least some part of the Advance.[23]

Based on the parties' briefs and oral argument, it is evident to the court that there is a dispute regarding the factual question of the materiality of any alleged breach of the MSA. Accordingly, Defendants' motion for summary judgment on this claim is denied.

---

[22] Docket no. 40 at 34-35.

[23] *See id.* at 2.

### d. *Unjust Enrichment*

Finally, Defendants assert that unjust enrichment is unavailable to Preventive where "it is undisputed . . . that an enforceable contract exists between the parties."[24] Defendants argue that the contract governs all of the terms under which Preventive gave nCap5 the Advance, and therefore Preventive possesses a legal remedy which precludes an equitable remedy such as unjust enrichment. Preventive maintains that unjust enrichment is available, based on the January 217 Order, which did not dismiss Preventive's unjust enrichment claim against nCap5.[25] In the supplemental memorandum, Defendants asked the court to reconsider that ruling. As set forth above, the court declines to do so. Accordingly, Defendants' motion to dismiss Preventive's claim for unjust enrichment is denied.

## II.    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Preventive's motion for partial summary judgment seeks summary judgment on its claim for breach of contract. Preventive argues that "the undisputed facts establish that nCap 5 breached its contractual obligations under the clear terms of the December 21, 201[5]" MSA, and that Preventive is entitled to the return of the Advance.[26] Preventive asserts that after it learned of nCap 5's misrepresentations, Preventive terminated the MSA. This, according to Preventive, triggered nCap 5's obligation to refund any unearned portion of the advance within thirty (30)

---

[24] *Id.* at 22.

[25] *See* docket no. 14.

[26] Docket no. 39 at 2-3.

days, which nCap 5 failed to do.[27] Preventive asserts that "nCap 5 indisputably breached [the MSA] when it failed and refused to return any portion of the $500,000 advance."[28]

Defendants dispute several of Preventive's SOF. Crucially, Defendants dispute SOF 7 which states that "nCap 5 and Preventive did not *jointly* develop specifications that were *mutually agreeable* to both parties for any Product to be manufactured by nCap as required by" the MSA.[29] Defendants cite to record evidence supporting their assertion that "nCap 5 attempted to do so, but Preventive did not meaningfully participate in that process."[30] In addition, SOF 8 states that "[p]rior to making [or] submitting any purchase orders, Preventive terminated the MSA and requested that the $500,000 advance be returned."[31] Defendants dispute the implication of SOF 8 that the MSA was *properly* terminated, which is a prerequisite for nCap 5's obligation to return the advance.[32] The court finds that these facts are material as they form the core of Preventive's argument that nCap 5 breached the MSA. Because Defendants have demonstrated genuine disputes of material fact, summary judgment is inappropriate on Preventive's motion, and it is therefore denied.

## CONCLUSION

In summary, for the reasons set forth above, the court hereby ORDERS as follows:

---

[27] *See id.* at 6.

[28] Docket no. 49 at 2.

[29] Docket no. 35 at 5.

[30] Docket no. 39 at 4-7.

[31] Docket no. 35 at 6.

[32] Docket no. 39 at 7-10.

1. Defendants' motion for partial summary judgment[33] is hereby DENIED;

2. Plaintiff's motion for partial summary judgment[34] is hereby DENIED.

   IT IS SO ORDERED.

   DATED this 3rd day of July, 2019.

                              BY THE COURT:


                              PAUL M. WARNER
                              Chief United States Magistrate Judge

---

[33] *See* docket no. 34.

[34] *See* docket no. 35.